213 N.J. Super. 443 (1986)
517 A.2d 869
IN THE MATTER OF BEVERLY REQUENA.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1986.
Decided October 6, 1986.
*444 Before Judges FURMAN, DREIER and STERN.
Theodore E.B. Einhorn argued the cause for appellant St. Clare's/Riverside Medical Center, Inc. (Einhorn, Harris & Platt, attorneys; Robert W. Smith, on the brief).
James R. Heaney argued the cause for respondent Beverly Requena.
PER CURIAM.
We accelerated the appeal. The patient Beverly Requena meets the test of Matter of Conroy, 98 N.J. 321 (1985). While mentally alert and competent, she made an informed decision exercising her right to die.
The issue before us is whether St. Clare's must comply with her informed decision under the circumstances that her decision is contrary to its policy, and it has presented the alternative of a hospital only seventeen miles away with comparable facilities for her treatment and care, a hospital which will acquiesce in her decision and not compel artificial feeding or administration of fluids.
St. Clare's policy embodied in its resolution of September 1986 is that it will not participate in withholding or withdrawing artificial feeding or fluids. We construe that policy as valid and enforceable only if it does not conflict with a patient's right to die decision and other protected interests. Even if the policy embodied in the resolution is generally to be applied, application should be limited to the circumstances where it is reasonable and equitable to apply it without undue burden to the patient. In order for the regulation to be valid, St. Clare's must present *445 a reasonably convenient and suitable alternative health care facility which will comply with the patient's decision.
We view as the decisive issue in this case whether St. Clare's has presented a convenient and suitable alternative hospital facility which it would be reasonable to require Beverly Requena to transfer to under all the circumstances. An equitable consideration here is that Beverly Requena had no notice of St. Clare's policy against withholding artificial feeding or fluids until July of 1986. The balance to be struck here is between the hospital's right to enforce its regulation and fundamental rights of the patient. Under the circumstances we find no waiver or estoppel against Beverly Requena who had no notice of the regulation prior to her admission or for 15 months thereafter.
Viewed in this light, it is clear that Judge Stanton has not made a legal decision invalidating the hospital regulation but rather factual findings that have substantial support in the record, and he has balanced the equities in not applying that regulation to Mrs. Requena.
The subverting of hospital policy and offending the sensibilities of hospital administrators and staff were reasonably determined by him to be subordinate to the psychological harm to be visited upon Mrs. Requena at this time.
Judge Stanton reached a fact finding that Mrs. Requena does not want to leave St. Clare's and that she finds assurance in the familiar surroundings and the familiar nursing and professional personnel who have been taking care of her.
He has concluded that, near death as she is, moving her from St. Clare's to St. Barnabas' would be a hard psychological and emotional blow to her.
We affirm substantially for the reasons stated by Judge Stanton in his opinion of September 24, 1986, 213 N.J. Super. 475, as supplemented by this opinion rendered today.